1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**AKIN GUMP STRAUSS HAUER & FELD LLP**
ALEXANDRA M. GUERRA, (319412)
580 California Street, Suite 1500
San Francisco, CA 94104-1036
Telephone: 415.765.9500
Facsimile: 415.765.9501
E-mail:   aguerra@akingump.com

Attorney for Defendant
Purple Communications, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESERE PATTERSON, an individual;, <br><br> Plaintiff, <br><br> v. <br><br> PURPLE COMMUNICATIONS, INC., a corporation; DOES 1 through 20, inclusive;, <br><br> Defendants. | Case No.   2:22-cv-00478 <br><br> **DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO §§ 1331, 1441, AND 1446** <br><br> [Declaration of Alexandra M. Guerra, Civil Cover Sheet, and Notice of Interested Parties and Corporate Disclosure Statement Filed Concurrently] <br><br> *(Los Angeles County Superior Court, Case No. 21STCV46722)* <br><br> Date Action Filed:      December 22, 2021 |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant Purple Communications, Inc. (Purple Communications) hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  In support thereof, Purple Communications states as follows:

<u>BACKGROUND</u>

1.      On December 22, 2021, an action was commenced by Plaintiff Desere Patterson (Patterson) and is currently pending against Purple Communications in the Superior Court of California, County of Los Angeles, as Case No. 21STCV46722, entitled *Desere Patterson, Plaintiff, v. Purple Communications, Inc., a corporation; and Does 1 through 20, Inclusive, Defendants*.  Declaration of Alexandra M. Guerra ("Guerra Decl.")  ¶ 2 & Ex. 1.  The Complaint and Summons were served by certified mail/return receipt requested outside of California on Purple Communications on December 24, 2021.  *Id.* at ¶ 2.  On January 20, 2022, Purple Communications filed its Answer.  *Id.* ¶ 3, Ex. 7.  Attached hereto as Exhibits 2-8, respectively, are copies of Plaintiff's Proof of Service, Civil Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, Notice of Case Management Conference, Order to Show Cause, Answer, and Amended Proof of Service.  *Id.* at ¶ 4. There have been no further proceedings in this action and no other pleadings have been filed and served upon Patterson or Purple Communications.  *Id.* at ¶ 5.

2.      Patterson is a former employee of Purple Communications.  Complaint ¶ 8. She asserts four causes of action against Purple Communications for alleged violations of the California Fair Employment and Housing Act and Title VII of the Civil Rights Act of 1964: (1) sexual harassment under California Government Code section 12940(j) (¶¶ 32-39); (2) retaliation under California Government Code section 12940(h) (¶¶ 40-46); (3) failure to take all steps necessary to stop harassment and retaliation under

California Government Code sections 12940(j) and 12940(k) (¶¶ 47-58); and (4) sexual harassment under Title VII, 42 U.S.C. §§2000e, *et. seq.* (¶¶ 59-66).

3.      Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  The Court has original jurisdiction over this action because federal question jurisdiction exists over Patterson's claims.

4.      Purple Communications' removal is timely because it is filed within thirty (30) days of service of the Complaint on December 24, 2021; *see* 28 U.S.C. § 1446(b)(3) (notice of removal "may be filed within 30 days after receipt by the defendant . . . of a copy of an . . . order or other paper from which it may first be ascertained that the case is one which is or has become removable."); *see Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48 (1999) (holding that formal service is the trigger for a defendant's time to remove).

## FEDERAL QUESTION JURISDICTION

5.      Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the . . . laws . . . of the United States."  Accordingly, this action may be removed because Patterson's Complaint alleges claims arising under Title VII, 42 U.S.C. §§ 2000e, *et. seq.*  Complaint ¶¶ 59-66; *see Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 691-92 (2003) (claims brought in state court under federal law are removable absent an express prohibition against removal).

7.      Additionally, under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Patterson's state law claims because they arise under the same underlying facts concerning her federal law claims and form the same case or controversy.  *See Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 558 (2005) (noting that "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction").  In particular, all of Patterson's California and federal claims arise from her employment with Purple Communications,

and all of her claims relate to her allegations about Mr. St. Germaine's conduct, her reporting of his conduct, and Purple Communications' response.  Complaint ¶¶ 32-66.

8.     "[W]hen the same acts violate federal and state laws, the common nucleus of operative facts is obvious and federal courts routinely exercise supplemental jurisdiction over the state law claims."  *Wiley v. Trendwest Resorts, Inc.*, No. C 04-432 SBA, 2005 WL 1030220, at *4 (N.D. Cal. May 3, 2005) (quoting *Lyons v. Whisman*, 45 F.3d 758, 761 (3d Cir. 1995)); *see, e.g., Velez v. Enter. Protective Servs., Inc.*, No. 5:10-CV-05052–LHK, 2011 WL 3443637, *2 (N.D. Cal. Aug. 8, 2011) (exercising supplemental jurisdiction over state law claims in removed action where plaintiff sought unpaid overtime under the California Labor Code and FLSA).  Accordingly, supplemental jurisdiction exists over Patterson's state law claims.

## VENUE

12.     The United States District Court for the Central District of California is the judicial district embracing the place where this action was filed by Patterson and thus is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, Defendant requests that the above action now pending against it in the Superior Court of California, County of Los Angeles, be removed to this Court.


Dated: 1/21/2022                        **AKIN GUMP STRAUSS HAUER & FELD LLP**


By _____ */s/ Alexandra M. Guerra* _____
                        Alexandra M. Guerra
                        Attorney of Record for Defendant
                        Purple Communications, Inc.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  580 California Street, Suite 1500, San Francisco California 94104.  On January 21, 2022, I served the foregoing document(s) described as:

- **DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO §§ 1331, 1441, AND 1446**

- **DECLARATION OF ALEXANDRA M. GUERRA IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO §§ 1331, 1441, AND 1446**

on the interested party(ies) below, using the following means:

| | |
|---|---|
| ALEXANDER MORRISON + FEHR LLP<br>Tracy L. Fehr<br>John L. Schwab<br>Erin Lim<br>1900 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Phone:  310.394.0888<br>tfehr@amfllp.com<br>jschwab@amfllp.com<br>elim@amfllp.com | Attorneys for Plaintiff |
| Lincoln W. Ellis, Esq.<br>LAW OFFICE OF LINCOLN W. ELLIS<br>292 S. La Cienega Blvd., Suite 207<br>Beverly Hills, CA 90211<br>Phone:  213.207.6692<br>lincoln.lawyer.ca@gmail.com | Attorneys for Plaintiff |

☑  BY OVERNIGHT DELIVERY  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☑  (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 21, 2022 at San Francisco, California.

By: _Rachele M. Bohnet_
Rachele M. Bohnet