Electronically FILED by Superior Court of California, County of Los Angeles on 12/22/2021 04:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk

Case 2:22-cv-00478-JAK-AS Document 1-2 Filed 01/21/22 Page 1 of 15 Page ID #:8
21STCV46722

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PURPLE COMMUNICATIONS, INC., a corporation; DOES 1 through 20, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DESERE PATTERSON, an individual;

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Central (Stanley Mosk)

CASE NUMBER:
*(Número del Caso):*
**21STCV46722**

111 North Hill St.
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lincoln W. Ellis, 292 S. La Cienega Blvd. # 207, Beverly Hills, CA 90211; 213-207-6692

DATE: 12/22/2021          Sherri R. Carter Executive Officer / Clerk of Court
*(Fecha)*

Clerk, by _____ R. Perez _____ , Deputy
*(Secretario)*                                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**GUERRA DECL. EX. 1 - PAGE 2**

Electronically FILED by Superior Court of California, County of Los Angeles on 12/22/2021 04:28 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

Case 2:22-cv-00478-JAK-AS   Document 1-2   Filed 01/21/22   Page 2 of 15   Page ID #:9

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Elaine Lu

**ALEXANDER MORRISON + FEHR LLP**
Tracy L. Fehr (SBN 239005)
John L. Schwab (SBN 307599)
Erin Lim (SBN 323930)
1900 Avenue of the Stars, Ste 900
Los Angeles, CA 90067
Tel: (310) 394-0888
tfehr@amfllp.com
jschwab@amfllp.com
elim@amfllp.com

Lincoln W. Ellis, Esq. [SBN: # 283657]
**LAW OFFICE OF LINCOLN W. ELLIS**
292 S. La Cienega Blvd., Suite 207
Beverly Hills, California 90211
Telephone: (213) 207-6692
Email: lincoln.lawyer.ca@gmail.com

Attorneys for Plaintiff DESERE PATTERSON

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF LOS ANGELES

21STCV46722

| | |
|---|---|
| DESERE PATTERSON, an individual; | **COMPLAINT FOR DAMAGES** |
| Plaintiff, | (1) SEXUAL HARASSMENT (GOV. CODE §12940(j)) |
| v. | (2) RETALIATION (GOV. CODE §12940(h)) |
| PURPLE COMMUNICATIONS, INC., a corporation; DOES 1 through 20, inclusive; | (3) FAILURE TO TAKE ALL STEPS NECESSARY TO STOP HARASSMENT AND RETALIATION (GOV. CODE §12940(j), (k)) |
| Defendants. | (4) SEXUAL HARASSMENT – TITLE VII 42 U.S.C. §2000e et seq. |
| | **DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.     Plaintiff DESERE PATTERSON ("Plaintiff" or "Mrs. Patterson") files this Complaint for Damages for several violations of the Fair Employment and Housing Act, and Title VII against Defendant PURPLE COMMUNICATIONS, INC., a corporation ("PURPLE") and DOES 1 - 20.

**PARTIES AND JURISDICTION**

2.     Plaintiff is an individual and is now, and at all relevant times mentioned in this complaint, a resident of California.

3.     Plaintiff is informed and believes and thereon alleges that Defendant PURPLE did – at relevant times herein – and currently does business in Los Angeles County, California.  The facility where PURPLE employed Plaintiff has closed, but PURPLE's Los Angeles County facility, located in Long Beach, remains in operation, and some of the harms occurred there.

4.     The true names and capacities of Defendants DOES 1 through 20 are currently unknown to Plaintiff who therefore sue said defendants by such fictitious names pursuant to California Code of Civil Procedure § 474.  Plaintiff will amend this complaint to state the true names and capacities of said fictitious defendants when they have been ascertained. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 20 are in some manner responsible for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by their conduct.

5.     Plaintiff is informed and believes and based thereon alleges that, at all times material hereto, each of the Defendants, including the fictitiously named Defendants, were acting in an individual, corporate, partnership, associate, parent-subsidiary, successor-predecessor, conspiratorial or other capacity or as the agent, employee, co-conspirator, and/or alter ego if its co-defendants, and in doing the acts herein alleged, was acting within the course and scope of its authority as such parent, successor, partner, associate, agent, employee, co-conspirator, or alter ego, and with the permission, consent, knowledge, authorization, ratification and direction of its co-defendants, including all fictitiously named defendants.

GUERRA DECL. EX. 1 - PAGE 4

6. The jurisdiction of this Court is proper for the relief sought herein, and the amount demanded by Plaintiff exceeds $25,000.

7. As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has suffered and continues to suffer from economic loss, humiliation, emotional pain and suffering, attorneys' fees, and other damages in amounts to be proven at trial.

**FACTS COMMON TO ALL CAUSES OF ACTION**

8. Plaintiff was employed by Defendant PURPLE as a Video Relay Interpreter starting in or about October, 2007, in California. Among Plaintiff's job duties was interpreting for deaf or hard-of-hearing individuals from around the United States, through an internet-enabled live video system.

9. For example, a deaf caller might communicate with a business that does not have capacity to receive video calls or utilize signed language(s), with Plaintiff (like other PURPLE employees) acting as the intermediary / interpreter through a video screen (with the deaf individual) and telephone line (with the business).

10. Plaintiff is fluent in American Sign Language. Plaintiff is, and was at all relevant times herein, certified by The Registry of Interpreters for the Deaf in both interpretation (American Sign Language) and transliteration (signed code for spoken English). Plaintiff also hears and speaks English. Plaintiff is not herself deaf or hard-of-hearing.

11. Plaintiff performed well in her work for Defendants.

12. PURPLE created a sexually hostile work environment by permitting one or more male customers of PURPLE to make video calls to Plaintiff, while masturbating, exposing his genitals, ejaculating on the screen, making sexually lewd comments, and other unlawful behavior. This hostile work environment affected Plaintiff personally.

13. PURPLE took inadequate steps to deter or prevent sexually hostile conduct by such customer(s). PURPLE took inadequate steps to remove such customer(s) from its platform once it became aware of sexually hostile conduct by such customer(s).

14. Starting in or about April 2013, a male PURPLE customer, Dwayne St. Germaine, regularly made video calls through the PURPLE video relay software on which Plaintiff was acting

as sign-language interpreter, seeking out Plaintiff.  Mr. St. Germaine masturbated, exposed his genitals, and ejaculated on the video camera, and made sexually lewd comments to and in front of Plaintiff on these video calls.

15.    On information and belief, Mr. St. Germaine changed his name to Douglas Whitebird in or about May 2016.  For clarity, Plaintiff refers to him as "Mr. St. Germaine" throughout this Complaint.

16.    In or about April 2013, Plaintiff reported Mr. St. Germaine's unlawful, harassing, and criminal conduct to PURPLE management and/or supervisors. To Plaintiff's knowledge, PURPLE took no or inadequate action to prevent Mr. St. Germaine's lewd and sexually hostile behavior even after Plaintiff complained in April 2013, though it had the ability to do so.

17.    Plaintiff is informed and believes that Mr. St. Germaine was in jail and/or prison due to a separate incident throughout the rest of 2013, 2014, and most of 2015.

18.    On or about December 31, 2015, PURPLE customer Mr. St. Germaine again masturbated, exposed his genitals made sexually lewd comments, and/or ejaculated to and in front of Plaintiff, through the PURPLE video relay software.

19.    From December 31, 2015 through January 2019, Mr. St. Germaine repeatedly and regularly exposed his genitals, masturbated and/or ejaculated on the video screen with Plaintiff as his unwilling audience.  Plaintiff was required to watch the screen from her station in PURPLE's office using PURPLE's software.  Mr. St. Germaine often contacted Plaintiff several times in one night, each time exposing his penis to her and/or masturbating in front of her.  These incidents occurred regularly during Plaintiff's employment between December 2015 and January 2019.

20.    Plaintiff repeatedly complained to PURPLE management and/or supervisors about Mr. St. Germaine's sexually harassing conduct throughout 2016, 2017, 2018, and the end of her employment in 2019.

21.    Due to PURPLE's failure to end Mr. St. Germaine's lewd behavior, Plaintiff took a stress leave of absence from approximately September to November, 2016.  As a result of not working, Plaintiff lost income and benefits.

/ / /

22.     PURPLE took ineffective steps to prevent the customer's lewd and sexually hostile behavior after each of Plaintiff's complaints.  PURPLE did not stop or attempt to stop Mr. St. Germaine's behavior, access to PURPLE's services, or access to Plaintiff.  PURPLE also gave Plaintiff inadequate tools to protect herself from Mr. St. Germaine's harassment and assaults.

23.     Instead, PURPLE removed the "Deny" button on incoming calls in or about August 2017.  The Deny button would have allowed Plaintiff to block Mr. St. Germaine manually. PURPLE also instructed Plaintiff not to deny Mr. St. Germaine's harassing calls.  In so doing, PURPLE ratified and approved of Mr. St. Germaine's harassment of Plaintiff and unnecessarily forced Plaintiff to continue enduring the harassment.

24.     PURPLE also inadequately monitored Plaintiff's reports made through the PURPLE software.  The "Report" form in the PURPLE software was used by Plaintiff to report abusive behavior to PURPLE management.  However, PURPLE management did not regularly monitor the filings or read the reports that Plaintiff sent about Mr. St. Germaine's harassment.

25.     Plaintiff expressed to PURPLE that she wanted to report Mr. St. Germaine to the police. PURPLE discouraged Plaintiff's report of Mr. St. Germaine's criminal activity and refused to assist Plaintiff.  Further, PURPLE informed Plaintiff that, if she chose to file a police report, she was required to give PURPLE a copy of the police report.  The police informed Plaintiff that, if she provided PURPLE with a copy of the police report, she would no longer remain anonymous in the criminal proceeding.  PURPLE's conduct caused Plaintiff to delay in filing a police report and contributed to Mr. St. Germaine's continued harassment of Plaintiff.

26.     Plaintiff began to suffer severe emotional distress due to PURPLE's ratification of Mr. St. Germaine's harassment.  She ultimately filed a police report    Mr. St. Germaine was arrested, charged, and pled guilty or "no contest" to crimes related to his conduct toward Plaintiff.

27.     PURPLE purports to have policies to prevent, deter, and disactivate callers who engage in "abusive" or "unlawful" behavior.  In reality, PURPLE did not follow its own policies to stop Mr. St. Germaine's unlawful harassment of Plaintiff.  PURPLE delayed banning Mr. St. Germaine from the PURPLE platform despite his repeated violations of law and PURPLE's policies.  On the instance or instances when PURPLE did take corrective measures to stop Mr. St.

Germaine's lewd conduct toward Plaintiff, the measures were half-hearted and mostly ineffective.

28.     In addition, PURPLE retaliated against Plaintiff by issuing her disciplinary action notices ("DANs") due to her complaints and her distress at being harassed.

29.     When PURPLE closed its Corona, California facility in August 2019, it did not offer Plaintiff employment for comparable work at its Riverside or Long Beach facilities, leaving Plaintiff unemployed.

30.     Plaintiff timely received a right to sue letter from the California Department of Fair Employment and Housing ("DFEH"), thereby exhausting her administrative remedies under California law.  Plaintiff concurrently filed a complaint with the Equal Employment Opportunity Commission ("EEOC").  Following an investigation by the EEOC Plaintiff received a right to sue letter, thereby exhausting her administrative remedies under Federal law.  Plaintiff filed an additional DFEH complaint on December 22, 2021 and received an immediate right to sue letter.

31.     PURPLE's hostile work environment caused severe emotional distress.  Plaintiff felt ashamed, confused, and lost, and upset as a result.  Plaintiff experienced anxiety, sleeplessness, and other symptoms and dreaded going to work.  Plaintiff also lost income and benefits as a result of Defendants' actions and failures to act.

**FIRST CAUSE OF ACTION**

**HARASSMENT IN VIOLATION OF FEHA**

(California Government Code §12940, *et seq*.)

(Brought by Plaintiff against PURPLE and DOES 1-20)

32.     Plaintiff restates and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

33.     At all applicable times mentioned in this complaint, the California Fair Employment and Housing Act ("FEHA"), Government Code § 12900 et seq., was in full force and effect and binding upon Defendants, which regularly employs more than five individuals.

34.     California Government Code § 12940(j) deems it an unlawful employment practice to fail to take immediate protective action to stop harassment of any employee based on sex.  Plaintiff was subjected to sexually harassing conduct because she is a woman.

35.     The sexual harassment Plaintiff suffered while working at PURPLE was severe and/or pervasive and created an intimidating, hostile and offensive work environment and was unwanted, unwelcome, and uninvited, and violated California Government Code §12940, *et seq*. A reasonable woman in Plaintiff's circumstances would have considered the work environment to be hostile, intimidating offensive, oppressive, or abusive.

36.     PURPLE knew or should have known of the conduct and failed to take immediate and appropriate corrective action.  Further, PURPLE ratified and condoned the harassment.

37.     Defendant PURPLE and DOES 1 through 20, failed to prevent and/or remedy that harassment. The harassment against Plaintiff was condoned, permitted, and encouraged by Defendants PURPLE and DOES 1 through 20, and each of them, in a manner which was grossly negligent, willful, malicious and deliberately indifferent to the Plaintiffs' personal rights to a safe work environment free of discrimination, harassment, and retaliation in the workplace. Defendant PURPLE and DOES 1 through 20 failed to prevent harassment from occurring in the workplace, and once it occurred, failed to remedy it.

38.     As an actual and legal, direct, and foreseeable result of Defendants' conduct, Plaintiff has suffered and will suffer harm for which she is entitled to general and special damages and economic and non-economic damages, in an amount according to proof and exceeding the jurisdictional limits of this Court.  Defendants' conduct was a substantial factor in causing that harm.  In addition, Defendants, and each of them, are responsible for interest, penalties, costs, and attorney fees related to this cause of action.

39.     Plaintiff alleges that the Defendants, and each of them, individually and/or by the acts of their managing agents, officers and/or directors in the aforementioned acts and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages, against Defendants in an amount to be determined at trial.

WHEREFORE, Plaintiff requests relief as hereafter provided.

**SECOND CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF FEHA**

(California Government Code §12940, *et seq*.)

(Brought by Plaintiff Against PURPLE and DOES 1-20)

40.     Plaintiff restates and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

41.     Defendants are entities and/or employers governed by the Fair Employment and Housing Act, Government Code section 12900 et seq., including section 12940.  At all relevant times, Defendants employed Plaintiff.

42.     During her employment with Defendants, Plaintiff engaged in protected activity on multiple occasions.  Her protected activity included but was not limited to: complaining of and reporting sexual harassment to PURPLE, reporting sexual harassment/assault to the police, and showing and/or manifesting distress in reaction to and protest of sexual harassment.

43.     After Plaintiff engaged in protected activities, she was subjected to adverse employment actions including but not limited to: issuance of unwarranted disciplinary DANs, further toleration and ratification of sexual harassment, belittling of Plaintiff's complaints of harassment, discouragement from filing a police report, removal of the Deny button so that Plaintiff could not disconnect the harasser, blatant disregard of Plaintiff's complaints, and refusal to offer Plaintiff a position at a nearby facility resulting in her termination.

44.     As an actual and legal, direct, and foreseeable result of Defendants' conduct, Plaintiff has suffered and will suffer harm for which she is entitled to general and special damages and economic and non-economic damages, in an amount according to proof and exceeding the jurisdictional limits of this Court.  Defendants' conduct was a substantial factor in causing that harm.  In addition, Defendants, and each of them, are responsible for interest, penalties, costs, and attorney fees related to this cause of action.

45.     Plaintiff alleges that the Defendants, and each of them, individually and/or by the acts of their managing agents, officers and/or directors in the aforementioned acts and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and

acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages, against Defendants in an amount to be determined at trial.

46.    WHEREFORE, Plaintiff requests relief as hereafter provided.

### THIRD CAUSE OF ACTION

### FAILURE TO TAKE ALL STEPS NECESSARY TO STOP HARASSMENT AND RETALIATION IN VIOLATION OF FEHA

(California Government Code §12940, *et seq*.)

(Brought by Plaintiff Against PURPLE and DOES 1-20)

47.    Plaintiff restates and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

48.    At all applicable times mentioned in this complaint, the California Fair Employment and Housing Act ("FEHA"), Government Code § 12900 et seq., was in full force and effect and binding upon Defendants PURPLE and DOES 1-20.

49.    California Government Code §12940(k) makes it an unlawful employment practice for an employer to "fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."  In violation of California Government Code §12940(k), Defendants failed to take all reasonable steps necessary to prevent discrimination and harassment from occurring against Plaintiff.

50.    At all relevant time periods there existed within Defendants a pattern and practice of conduct by customers and managers which resulted in discrimination and/or harassment, including, but not limited to, severe and pervasive harassment directed at Plaintiff.  At all relevant time periods, Defendants failed to make an adequate response and investigation into the conduct of its customers and management, as well as the aforesaid discriminatory pattern and practices, and thereby established a policy, custom, practice or usage within Defendants which condoned, encouraged, tolerated, sanctioned, ratified, approved of, and/or acquiesced in this discrimination and harassment.  Defendants therefore did not take immediate and appropriate corrective action as required by law.

51.     The response of Defendants and their agents and employees to that knowledge was so inadequate as to establish deliberate indifference to, or tacit authorization of, the alleged offensive practices, and an affirmative causal link existed between Defendants' inaction and the injuries suffered by Plaintiff.

52.     During all relevant time periods, Defendants failed to provide adequate training, education, and information to its staff and most particularly to its supervisory personnel with regard to policies and procedures regarding discrimination and harassment.

53.     Defendants knew or reasonably should have known that the failure to provide or adequate education, training, and information as to Defendants' personnel policies and practices regarding discrimination and harassment, would result in discrimination, harassment and/or retaliation directed at employees, including but not necessarily limited to the Plaintiff.

54.     By the acts or failures to act of policy-making personnel within the organization of Defendants, Defendants were deliberately indifferent to the need to provide any or adequate training, education, and information to its supervisors and other personnel with regard to policies and procedures regarding discrimination and harassment.

55.     The failure of Defendants to provide any or adequate education, training, and information to personnel concerning policies and practices regarding discrimination and harassment constituted deliberate indifference to the rights of employees, including but not limited to those of the Plaintiff, under California Government Code § 12940 (a), (h), (j), and (k).

56.     Due to Defendants' misconduct, Defendants through their agents/employees, discriminated against and/or harassed Plaintiff because of her sex in violation of California Government Code §12940(j) as described herein.

57.     As an actual and legal, direct, and foreseeable result of Defendants' conduct, Plaintiff has suffered and will suffer harm for which she is entitled to general and special damages and economic and non-economic damages, in an amount according to proof and exceeding the jurisdictional limits of this Court.  Defendants' conduct was a substantial factor in causing that harm.  In addition, Defendants, and each of them, are responsible for interest, penalties, costs, and attorney fees related to this cause of action.

GUERRA DECL. EX. 1 - PAGE 12

58.     Plaintiff alleges that the Defendants, and each of them, individually and/or by the acts of their managing agents, officers and/or directors in the aforementioned acts and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages, against Defendants in an amount to be determined at trial.

WHEREFORE, Plaintiff requests relief as hereafter provided.

**FOURTH CAUSE OF ACTION**

SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

(Title VII, 42 U.S.C. §§2000e, et. seq.)

(Brought by Plaintiff Against PURPLE and DOES 1-20)

59.     Plaintiff restates and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

60.     At all times mentioned in this complaint, 42 U.S.C. section 2000e was in full force and effect and was binding on PURPLE.  Title VII prohibits Defendants from discriminating against any employee on the basis of sex.  Sexual harassment is a form of unlawful sex-based discrimination under Title VII.

61.     In perpetrating the above-described acts and omissions, Defendants, their agents, servants, and/or employees, engaged in unlawful sexual harassment in violation of Title VII.

62.     Defendants, their agents, and employees forced Plaintiff to endure targeted and pervasive sexual harassment so severe that it constituted criminal assault.  Defendants ratified and approved of the harassment, denied Plaintiff the tools necessary to protect herself form the harasser, and encouraged targeted harassment against Plaintiff because of her sex.  The unwelcome sexual harassment was humiliating and degrading. The above-mentioned unwelcomed acts were severe or pervasive and created a hostile work environment for Plaintiff.

63.     Plaintiff perceived the working environment to be abusive or hostile, which caused Plaintiff sufficient stress and anxiety that she was forced to take a medical disability leave due to the stress caused by PURPLE's ratification of the harassment.

GUERRA DECL. EX. 1 - PAGE 13

64.     Defendants knew or should have known of the harassing conduct and failed to take prompt and effective corrective or remedial action.  Defendants are therefore liable for creating and permitting a hostile work environment, which constituted unlawful harassment on account of Plaintiff's sex in violation of Title VII.

65.     As an actual and legal, direct, and foreseeable result of Defendants' conduct, Plaintiff has suffered and will suffer harm for which she is entitled to general and special damages and economic and non-economic damages, in an amount according to proof and exceeding the jurisdictional limits of this Court.  Defendants' conduct was a substantial factor in causing that harm.  In addition, Defendants, and each of them, are responsible for interest, penalties, costs, and attorney fees related to this cause of action.

66.     Plaintiff alleges that the Defendants, and each of them, individually and/or by the acts of their managing agents, officers and/or directors in the aforementioned acts and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages, against Defendants in an amount to be determined at trial.

WHEREFORE, Plaintiff requests relief as hereafter provided.


## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     For general, mental, and emotional distress damages to compensate Plaintiff for her past, present, and future emotional distress, pain and suffering, and loss of pleasure and enjoyment of life;

B.     For economic, liquidated, general, and compensatory damages, including but not limited to lost wages, employment benefits, and special damages according to proof;

C.     For all applicable injunctive relief as allowed by law;

D.     For reinstatement and back pay;

E.     For an award of interest, including prejudgment interest, at the legal rate;

**GUERRA DECL. EX. 1 - PAGE 14**

F.    For an award of attorney fees as allowed by law;

G.    For punitive and exemplary damages as allowed by law;

H.    For costs of suit incurred; and

I.    For such other and further relief as this Court deems appropriate.


Dated:  December 22, 2021                    LAW OFFICE OF LINCOLN W. ELLIS

                                             By: _____
                                             LINCOLN W. ELLIS
                                             Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims and causes of action with respect to which she has a right to a jury trial.

Dated: December 22, 2021

LAW OFFICE OF LINCOLN W. ELLIS

By: _____

LINCOLN W. ELLIS
Attorneys for Plaintiff

GUERRA DECL. EX. 1 - PAGE 16